FILED
SUPERIOR COURT
OF GUAM

2022 JAN 21 PM 4: 10

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ESTATE<br><br>OF<br><br>ENGRACIA CRUZ DIAZ PANGELINAN,<br><br>Decedent. | Superior Court Case No. <u>**PR0126-21**</u><br><br><br>**DECISION AND ORDER RE PETITION FOR ADMISSION AND PROBATE OF WILL** |
| IN THE MATTER OF THE ESTATE<br><br>OF<br><br>FRANCISCO SABLAN PANGELINAN,<br><br>Decedent. | Superior Court Case No. <u>**PR0133-21**</u> |

The Administrators seek to admit to probate the purported will of Francisco Sablan Pangelinan. Having reviewed the will, the declarations of Pangelinan's attorney and family members, and relevant laws, the Court concludes that the will does not meet the formalities required under Guam law. The petition is therefore DENIED.

## I.   FACTUAL BACKGROUND

The will submitted for consideration appears to be signed by Pangelinan on April 26, 2001. Pet. Letters Administration, Ex. D (July 6, 2021). Attached to the will is an attestation page. However, no witnesses subscribed to the will document. Pangelinan initialed each page, including the blank attestation page.

The will was deposited with the Court on April 27, 2001. Will No. WL01000062. Members of the family have submitted affidavits to support the admission of the will. Pangelinan's daughter, Rita P. Nauta, attests that she drove Pangelinan to his attorney's office a

ORIGINAL

day before leaving the island to sign his will. First Acct. and Status Report; Pet. Admission, Decl. Rita Nauta (Nov. 17, 2021). Nauta advises he later informed her he signed a will and intended to draft a more comprehensive will upon his return home.

Attorney Therese M. Terlaje further attests that she witnessed Pangelinan sign the will. First Acct. and Status Report; Pet. Admission, Aff. Witness. During the signing, Pangelinan declared to Terlaje and one other person that it was his last will and testament. She further explains that she does not remember why there are no subscribing witnesses but that Pangelinan was in a hurry due to an off-island trip scheduled for the next day.[1]

In addition to Nauta and the administrators, seven of Pangelinan's children signed affidavits supporting the will's admission into probate. None of them, however, witnessed their father signing the will.

## II.     LAW & DISCUSSION

Guam law requires that wills be subscribed by the testator and witnessed by at least two persons. The testator must acknowledge that the will was made by him or by his authority in the presence of both witnesses present at the same time. Also, each witness "must sign the instrument as a witness." 15 GCA § 201(d).

It is undisputed that the purported will does not contain the signatures of two witnesses. Instead, the administrators ask the Court to consider Terlaje's statement indicating that two witnesses were present, as well as the testator's statements made to his children after meeting with Terlaje that he had executed a will.

In *In re Hemlani*, 2008 Guam 25, the Guam Supreme Court interpreted another subsection of section 201, which gives this Court some guidance. As an initial matter, *Hemlani*

---

[1] An unsigned affidavit from the Honorable Arthur R. Barcinas is attached to the Petition. According to that unsigned affidavit, Judge Barcinas appears to be the second person present when Pangelinan signed his will. Without a signature on this affidavit, the Court cannot give it credence.

instructs that California provided the basis for section 201, and therefore California caselaw interpreting California's mirror statute is highly persuasive. 2008 Guam 25 ¶ 16. Second, *Hemlani* advises that California has since amended its statute to liberalize the requisite statutory formalities for wills, but the Guam Legislature has not. *Id.* ¶ 17. Accordingly, this Court should look at California law and caselaw before California's amendments in 1983.

In California, a court is constrained to follow the probate law as prescribed strictly. *Id.* (citing *In Re Walker's Estate*, 42 P. 815, 816 (Cal. 1895)); *In re Moore's Estate*, 206 P.2d 413, 414 (Cal. App. 1949). *Hemlani* held that strict construction does not "demand literal compliance" particularly for the requirement in section 201(c) that a testator declare that it is his will and request for its attestation: "it is not necessary that the testator expressly declare that the document is his will nor that the witnesses sign the will at the testator's express request and in his presence. It is sufficient for the declaration and request to be implied by the testator's conduct." 2008 Guam 5 ¶¶ 21-25. According to the Guam Supreme Court, this interpretation also follows California courts which had been using a liberal standard to the declaration provisions even before the 1983 revisions. *Id.* ¶ 22.

Turning to section 201(d), this Court must now determine whether there has been strict (if not literal) compliance, or if not, whether it is proper to acknowledge substantial compliance. The Court first recognizes that California has amended its statute equivalent to Guam's section 201(d). California law now allows the proponent of an unattested will to establish by clear and convincing evidence that at the time the testator signed the will, the testator intended the will to constitute the testator's will. Cal. Prob. Code § 6110. This appears to be in line with the trend of considering whether the will, although not strictly compliant with legal requirements, reflects the testator's intentions.


ORIGINAL

Despite this trend, it is not clear to the Court that deviation from the plain language of section 201(d) is appropriate in Guam. First, as noted, California's legislature has codified an exception for the requirement that two witnesses sign the will; Guam's legislature has not. Second, *Hemlani* has limited utility because the Guam Supreme Court expressly said it would not address whether Guam courts can utilize a substantial compliance standard. In the absence of more direct guidance which permits substantial compliance, this Court is instead persuaded by the long-standing doctrines from California which mandate strict compliance. Because this Court could not locate any pre-1983 California caselaw which completely excused the requirement of signatures on a document, the Court continues to hold that there must be strict compliance.

Third, a requirement that two witnesses sign cannot be liberalized in the same way as a requirement that a testator makes an express declaration. In *Hemlani*, the testator entrusted his attorney with preparing the will and finalizing its execution, which included asking the witnesses to sign. The Guam Supreme Court found that the testator's conduct in appointing an agent to complete these tasks sufficed under the statute to imply that he made the necessary declaration. Here, on the other hand, the statute requires something more exacting--that is, two signatures on a will. The signature and attestation of witnesses cannot be implied via conduct or designated to agents.

For these three reasons, the Court cannot find that the unattested will meets the requirements of Guam law. While there are indications that the will may have been presumed to be valid--the affidavit by the attorney that two persons witnessed the will, and the filing of the will at court--the unexplained absence of the two required signatures and the plain language of section 201(d) override those good faith representations and actions.


ORIGINAL

## III.   CONCLUSION AND ORDER

The Court DENIES the petition to admit the will into probate.  However, the appointment of the administrators stands, and this matter may proceed to distribution under Guam's intestacy statute.

If the administrators wish to seek appellate review of this ruling, they must do so within thirty days pursuant to 15 GCA §§ 3429 and 3433 and Guam Rule of Appellate Procedure 4.

The Court sets a Status Hearing for March 9, 2022, at 9:50 a.m, to be heard via Zoom.

SO ORDERED this 21st day of January 2022.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Please see Zoom information below to appear for remote hearing:
You may participate by using a smartphone or computer:  go to https://guamcourts-org.zoom.us
Meeting ID: 864 4387 2213
Passcode: JEMI
You may also call in for the hearing; you can call into the courtroom at 671-300-6703 at the designated hearing time.

Appearing Parties:
Zita D. Pangelinan and Victoria D. Pangelinan, self-represented Petitioners

